IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

          Plaintiff,

v.

CHANCE ALLEN CATHEY,

          Defendant.

Case No. 25-CR-202-JFH

**OPINION AND ORDER**

Before the Court is the Government's Notice of Intent to Admit Evidence as *Res Gestae* or Under Federal Rule of Evidence 404(b) ("Government's Notice"). Dkt. No. 20. Defendant Chance Allen Cathey has not objected to the Government's Notice. However, in the interest of efficiency, the Court will issue this preliminary ruling on the admission of such evidence. For the following reasons, the evidence proffered in the Government's Notice is ADMISSIBLE.

**BACKGROUND**

The Government charges Defendant with two Counts in the Indictment. Dkt. No. 2. Count One charges Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). *Id.* at 1. More relevant here, Count Two charges Defendant with unlawfully transporting a stolen motor vehicle in interstate commerce in violation of 18 U.S.C § 2312. *Id.* at 1-2. To prosecute Defendant under Court Two, the Government seeks to admit evidence of the following prior acts:

- On or about December 26, 2023, Defendant, while driving the vehicle named in Count Two of the Indictment from Oklahoma into Arkansas, knew that the owner of the vehicle was dead in the trunk, and along with his accomplice, disposed of the corpse by dumping it into a water well.

- Over the course of several days following the disposal of the corpse, Defendant attempted to sell the vehicle named in Count Two of the Indictment.

Dkt. No. 20 at 1.  The Government notified Defendant of its intent to submit this evidence on November 21, 2025.  *Id.*  To date, Defendant has not responded or objected to the Government's Notice.  For the reasons set forth below, the Court will admit this evidence at trial.

## ARGUMENT AND AUTHORITY

The Government first argues that Defendant's prior acts are admissible as *res gestae* evidence.  Evidence of other crimes or bad acts is inadmissible to prove a defendant's "character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  But *res gestae* evidence is a narrow exception to Rule 404(b)'s general prohibition on other bad acts evidence.  Evidence of other crimes or bad acts is *res gestae* when it is "inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act."  *United States v. Piette*, 45 F.4th 1142, 1155 (10th Cir. 2022).  In other words, *res gestae* evidence is evidence which is "part and parcel of the proof of the offense charged" and which "is necessary to a full presentation of the case or is appropriate in order to complete the story of the crime on trial by proving its immediate context."  *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995).

Here, Count Two charges Defendant with violating 18 U.S.C § 2312, which makes it unlawful to (1) transport a stolen motor vehicle (2) in interstate commerce (3) while knowing that the vehicle was stolen.  18 U.S.C. § 2312; *see also United States v. Williamson*, 806 F.2d 216, 221 (10th Cir. 1986).  Driving the stolen vehicle from Oklahoma to Arkansas with its legal owner's corpse in the trunk, dumping the corpse into a water well, and selling the vehicle several days later are all "inextricably intertwined" and relevant to the offense because they show how Defendant obtained and transferred possession of the car, whether he knew the car belonged to someone else, and why the owner never reported the vehicle stolen.  And although this evidence is prejudicial, it

does not substantially outweigh its highly probative effect. *See* Fed. R. Evid. 403. Indeed, this evidence speaks directly to several elements of the crime and provides necessary facts to aid the jury's understanding of Defendant's charged conduct. For these reasons, this evidence is admissible as *res gestae* evidence.

Furthermore, even if the evidence was not *res gestae*, it is still admissible under Rule 404(b). As stated above, evidence of other crimes or bad acts is inadmissible to prove a defendant's "character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be admissible for other purposes, such as to demonstrate motive, opportunity, preparation, plan, intent, knowledge, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). In weighing the admissibility of this evidence under Rule 404(b), courts consider the following factors: (1) whether the evidence is offered for a proper purpose; (2) its relevance; (3) whether the probative value of the evidence is substantially outweighed by its prejudicial effect; and (4) whether the Court can give a limiting instruction if requested by Defendant. *United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)).

All of these factors favor admission. First, this evidence is offered for a proper purpose— to show Defendant's knowledge that the vehicle was stolen, his intent and plan to transport and sell a stolen vehicle, and his absence of mistake and lack of accident in transporting and selling a stolen vehicle. Second, these purposes are relevant for proving elements of the offense, including whether Defendant transported the vehicle, had permission to operate the vehicle, and knew the vehicle was stolen. Third, although this evidence is prejudicial, it does not substantially outweigh its highly probative effect as explained earlier. Finally, the Court could give a limiting instruction if Defendant requests. Thus, this evidence is admissible under Rule 404(b) as well.

**CONCLUSION**

IT IS THEREFORE ORDERED that the evidence proffered in the Government's Notice [Dkt. No. 20] is ADMISSIBLE. This ruling is preliminary and subject to change as the case unfolds or at the Court's discretion. *See Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995).

Dated this 11th day of February, 2026.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE